Caldwell, J.
The suit in the court below was one for contribution. The plaintiff in the action and the defendant, with four ■others, were the sureties for Garry Lewis on a draft for $5,000. Lewis became insolvent, and judgment was rendered against all the indorsers, and also a judgment against Lewis, the principal. Execution was issued, and four of the indorsers, of whom Reuel Miller was one, having indemnified the sheriff, directed him to levy •on a store of goods recently the property and in the possession of ■Garry Lewis, the principal debtor, but which goods were assigned about that time to Daniel Gilbert. Gilbert brought suit against the sheriff and the four indorsers that directed him to levy, and recovered a judgment for the sum of $5,354.61, the value of the goods; which judgment was paid off by these four indorsers. Miller paid the one-fourth of it. The goods were sold by the .■sheriff and applied on the judgment, and paid on it $3,135.73. .Acheson not having anything to do with the levy on the goods, .has paid nothing, and this suit was brought by Miller against .Acheson to require him to contribute his share of the $3,135.73 ■paid on the judgment by the sale of the goods.
On the trial in the court of common pleas, after the plaintiff had •given in his evidence and rested, the defendant moved for a non- *179 suit, which the court refused and gave judgment for the plaintiff. The defendant presented a bill of exceptions setting forth the evidence, which was signed and made a part of the record.
The question presented on this record is, whether contribution •can be had in such a case.
It is said, on the part of the plaintiff in error, that Miller and those who acted with him were wrong-doers—that they committed a trespass in having the goods levied on, and that therefore he is not entitled to contribution for the j)ayment made by the proceeds of such goods.
*The rule that no contribution lies between trespassers, we apprehend, is one not of universal application. We suppose it only applies to cases where the persons have engaged together in doing wantonly or knowingly a wrong. The case may happen, that persons may join in performing an act, which to them appears to be right and lawful, but which may turn out to be an injury to the rights of some third party, who may have a right to an action of tort against them. In such case, if one of the parties who have done the act has been compelled to pay the amount of the damage, is it not reasonable that those who were engaged with him in doing the injury, should pay their proportion ? The common understanding and justice of humanity would say that it would be just and right that each of the parties to the transaction should pay his proportion of the damage done by their joint act; and we see no reason why the moral sense of a court should be shocked by such a result. And we think this view of the case is fully sustained by the cases cited by counsel for the defendant in error. In the case of Adamson v. Jarvis, 4 Bing. 66, in speaking on this subject, Best, C. J., says: “From the concluding part of Lord Kenyon’s judgment in Merrywether v. Nixon, and from reason, justice, and sound policy, the rule that wrong-doers can not have redress or contribution against each other, is confined to cases where the person seeking redress must be presumed to have known that he was doing a wrong.’’
The same doctrine is distinctly laid down in the case of Betts v. Gibbons, 2 Ad. & El. 57. From these and other cases referred to, we think the reasonable and common-sense rule and the legal one are the same, viz: that when parties thjnk they are doing a legal and proper act contribution will be had; but when the parties are conscious of doing a wrong, courts will not interfere.
*180 But the question arises, Whether this is a case where contribution is sought between wrong-doers ? ¥e think not. The suit in this case is not brought by Miller for contribution toward the amount he has paid in the judgment in trespass, *but for-Acheson’s proportion of the amount paid on the judgment by the sale of the goods. These goods, by the judgment and satisfaction-in the trespass case, became the property of the defendants in that, case. “ On a recovery, by law, in an action of trespass or trover, of the value of a special chattel, of which the possession has been acquired by tort, the title of the goods is altered by the recovery, and is transferred to the defendant; and the damages recovered are the-price of the chattel so transferred by'operation of law.” 2 Rent. Com. 387. Title by judgment is one of the ways by which an absolute right to property may be obtained. When a person has obtained a legal title to property he has the right to use it in the way in which such property is used, without reference to the manner in which he may have obtained it. If he sell it, he can recover the-price, or if it is injured, he can recover damages for such injury.
It is said, however, that at the time these goods were sold and-applied on the judgment, the action of trespass had not been determined. This, we think, would make no difference. Where a. party, for an injury to his property, elects to proceed by an action of trespass or trover for its value, the whole proceeding relates to-the time of the taking or conversion; the controversy all relates-to the property as of that time; the criterion of damages is the-value of the property at the time of such taking or conversion. The party in effect abandons his property, as of that time, to the wrong-doer, and proceeds for its value; so that, when judgment is. obtained and satisfaction made, the property is vested in the defendants, bjr relation, as of the time of the taking or conversion. And. this view of the case appears to be fully sustained by the authorities to which our attention has been called. See the cases of Daniel v. Holland, 4 J. J. Marsh. 5; Hepburn v. Sewell, 5 Har. & Johns. 211; Howard v. Smith, 12 Pick. 202.
The questions in this case are differently ruled in Acheson v. Miller, 18 Ohio, 1; but this court, having come to the Conclusion that the decision there made is not in accordance with the-principles of law, have felt bound to overrule it.
There is another ground upon which this case might be placed,, and the same result arrived at. The statute of March 19,1850„ *181 ■applies to this case. Section 3 describes a case precisely like the present, and enacts that in all actions then pending or that should be thereafter instituted, contribution should be had. It is said. Eowever, on the part of the plaintiff in error, that this suit was pending at the time of the passage of that act, and that, so far as it is retrospective, it is unconstitutional and void. From the view which we have taken of this case, we do not think it necessary to go into an examination of that question.
That statute, as we think, did not change the law; but was merely declaratory of it as it had been and was at the time of its passage. But, even if it had changed the law, we could not say that it came in conflict with the constitution then in existence. Retrospective laws of this kind have frequently been passed, and have been de•cided bjr our own as well as other courts to be valid, in the absence of any specific constitutional prohibition. "We do not discover any ■error in the record of the court of common pleas; the judgment of that court will therefore be affirmed.
Banney, J., having been of counsel in this cause, took no part in its decision.